UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20707-CIV-COOKE/Goodman

PROFESSIONAL PLAZA CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,
v.

LANDMARK INFRASTRUCTURE HOLDING
COMPANY LLC, *et al.*,

    Defendants.
_____/

## ORDER

    **THIS CAUSE** is before the Court on Magistrate Judge Jonathan Goodman's June 14, 2022 Report and Recommendations on Defendant Landmark's Motion for Attorney's Fees and Costs [ECF No. 61]. Judge Goodman recommends that the Court grant in part and deny in part Landmark's Motion for Award of Attorneys' Fees, Costs, and Expenses [ECF No. 55]. Judge Goodman advised the parties they had 14 days to file objections to the Report (*see* Report 42); to date, no objections have been filed.

    When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). When no party has timely objected, as here, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

CASE NO. 20-20707-CIV-COOKE/Goodman

(alteration added)).

Judge Goodman concludes that, based on the language of the Purchase and Sale of Telecom Easement and Assignment Agreement between Landmark and Plaintiff, Landmark is entitled to recover reasonable attorneys' fees and costs. (*See* Report 22–24). Judge Goodman further concludes that although Landmark should be permitted to recover fees incurred in litigating the issue of fee entitlement, Landmark cannot recover fees for litigating the amount of fees. (*See id.* 24). As to the reasonableness of the fees, Judge Goodman recommends the Court make certain reductions to the fee amount proposed by Landmark, recommending a total fee award of $60,441.50. (*See id.* 40). Judge Goodman also recommends that Landmark recover $3,041.70 in reasonable costs. (*See id.* 42).

The undersigned has reviewed Judge Goodman's Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. Considering that review, the undersigned agrees with Judge Goodman's analysis and recommendations. Accordingly, it is

**ORDERED AND ADJUDGED** that Judge Goodman's Report **[ECF No. 61]** is **ACCEPTED AND ADOPTED**. The Court **GRANTS in part and DENIES in part** Landmark's Motion for Award of Attorneys' Fees, Costs, and Expenses **[ECF No. 55]**. Landmark shall recover a total fee award of $60,441.50, and $3,041.70 in costs.

Furthermore, the Court **GRANTS** the Unopposed Motion for Entry of Final Judgment **[ECF No. 62]**. The Clerk is directed to enter a final judgment in favor of Defendants in accordance with the Court's Dismissal Order [ECF No. 53].

CASE NO. 20-20707-CIV-COOKE/Goodman

**DONE AND ORDERED** in Miami, Florida, this 19th day of July, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**
**On behalf of Marcia G. Cooke, U.S. District Judge**

cc: Jonathan Goodman, U.S. Magistrate Judge
      counsel of record